IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

**RICKY WILLIAMS**                                                                 **PLAINTIFF**

vs.                                      No. 9:20-cv-76

**TANG, INC., and LENG TANG**                            **DEFENDANTS**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Ricky Williams ("Plaintiff"), by and through his attorney Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint against Tang, Inc., and Leng Tang (collectively "Defendants"), he does hereby state and allege as follows:

### I.      JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff sufficient minimum wage and proper overtime compensation for all hours that Plaintiff worked.

2. The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendants conduct business within the State of Texas.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

5. The acts alleged in this Complaint had their principal effect within the Lufkin Division of the Eastern District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

6. Plaintiff is an individual and a resident and domiciliary of Nacogdoches County.

7. Separate Defendant Tang, Inc., is a domestic, for-profit corporation.

8. Tang, Inc., does business as Hill's Drive Through Liquor.

9. Tang, Inc's registered agent for service is Leng Tang, at 38 Sunset, Malakoff, Texas 75148.

10. Separate Defendant Leng Tang is an individual and domiciliary of Texas.

## III. FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. Leng Tang is an owner, principal, officer and/or director of Tang, Inc.

13. Leng Tang manages and controls the day-to-day operations of Tang, Inc., including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week.

14. Defendants own and operate Hills Drive Through Liquor, a liquor store in Nacogdoches.

15. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as food and beverages.

16. Each Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

17. In the course of his work for Defendants, Plaintiff regularly handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce, all of which were manufactured outside of the State of Texas for sale in other states, including the State of Texas, and all of which were necessary to the job duties that Plaintiff performed for Defendants.

18. Plaintiff was employed by Defendants as a salaried employee from February of 2019 to July of 2019.

19. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and AMWA.

20. At all relevant times herein, Defendants were Plaintiff's "employer" within the meaning of the FLSA and AMWA.

21. At all times material herein, Plaintiff was misclassified by Defendants as salaried, exempt from the overtime wage protections of the FLSA, 29 U.S.C. § 207.

22. During the period relevant to this lawsuit, Plaintiff worked as a shelf stocker and store attendant for Defendants.

23. At all relevant times herein, Defendants directly hired Plaintiff to perform work on their behalf, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

24. While working for Defendant, Plaintiff was primarily responsible for stocking the shelves, keeping the parking lot clean, minor maintenance and assisting customers.

25. Plaintiff did not have the authority to hire or fire any other employee.

26. Plaintiff was not asked to provide input as to which employees should be hired or fired.

27. Plaintiff did not exercise independent judgment in carrying out his duties.

28. Defendant paid Plaintiff $300.00 per week, regardless of how many hours he worked.

29. Plaintiff regularly worked more than forty (40) hours in a week during the relevant time period.

30. Plaintiff regularly worked so many hours per week that he made less than minimum wage for all hours he worked.

31. Defendants did not pay Plaintiff one and one-half (1.5) his regular rate for all hours worked over forty (40) in a week.

32. At all relevant times herein, Defendants have deprived Plaintiff of sufficient overtime compensation for all of the hours he worked over forty (40) per week.

33. Defendants knew or showed reckless disregard for whether their actions violated the FLSA and the AMWA.

## IV. CAUSE OF ACTION—Violation of the FLSA

34. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

35. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

36. At all times relevant to this Complaint, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

37. At all times relevant to this Complaint, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

38. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours

worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

39. At all times relevant times to this Complaint, Defendants misclassified Plaintiff exempt from the overtime requirements of the FLSA.

40. Defendants failed to pay Plaintiff a sufficient minimum wage for all hours worked.

41. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

42. Defendants' failure to pay Plaintiff all wages owed was willful.

43. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this.

## V. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ricky Williams respectfully prays as follows:

A. That each Defendant be summoned to appear and answer herein;

B. Declaratory judgment that Defendants' practices alleged herein violate the FLSA;

C. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

D. Judgment for liquidated damages pursuant to the FLSA;

E. For a reasonable attorney's fee, costs, and all interest; and

F. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF RICKY WILLIAMS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com